UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

RAMON TAVERAS,

|  |  |
|---|---|
| | **COMPLAINT** |
| Plaintiff, | |
| | 13 CV 00255 |
| -against- | **JURY TRIAL DEMANDED** |
| | **ECF CASE** |

THE CITY OF NEW YORK, DET. JAMES BARRY,
Shield No. 7170, Individually and in his Official Capacity
and U.C.O, Shield No. C0240, Individually and in his Official
Capacity,

Defendants.
-------------------------------------------------------------------------------X

Plaintiff, RAMON TAVERAS, by his attorneys, Cohen & Fitch LLP, complaining of the

defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights,

as said rights are secured by said statutes and the Constitutions of the State of New York and the

United States.

### JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the

Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C.

§ 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff RAMON TAVERAS is a Hispanic male and was at all relevant times a

resident of the City and State of New York.

7.      Defendant, the City of New York, was and is a municipal corporation duly organized

and existing under and by virtue of the laws of the State of New York.

8.      Defendant, the City of New York, maintains the New York City Police Department, a

duly authorized public authority and/or police department, authorized to perform all functions of a

police department as per the applicable sections of the New York State Criminal Procedure Law,

acting under the direction and supervision of the aforementioned municipal corporation, the City of

New York.

9.      At all times hereinafter mentioned, the individually named defendants, DET. JAMES

BARRY and U.C.O. were duly sworn police officers of said department and were acting under the

supervision of said department and according to their official duties.

10.     At all times hereinafter mentioned, the defendants, either personally or through their

employees, were acting under color of state law and/or in compliance with the official rules,

regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants

while acting within the scope of their employment by defendant, City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, City of New York.

## FACTS

13.     On or about September 29, 2011, at approximately 6:35 p.m., plaintiff RAMON TAVERAS was lawfully present outside of his apartment building located at 1750 Montgomery Avenue, Bronx, NY loading a U-Haul truck because he was moving.

14.     At the aforementioned time and place, plaintiff attempted to re-enter the building to gather more of his belongings when he was accosted by the above name defendant officers and immediately searched.

15.     Despite the fact that plaintiff had not acted unlawfully in any way and that defendants found nothing illegal while searching him, defendants  arrested plaintiff and charged him with Criminal Sale of Marijuana, Criminal Possession of Marijuana and Unlawful Possession of Marijuana.

16.     At no time on September 29, 2011 did plaintiff RAMON TAVERAS sell or possess marijuana or behave unlawfully in any way.

17.     At no time on September 29, 2011 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff RAMON TAVERAS.

18.     In connection with plaintiffs' arrest, defendants filled out false and misleading police reports and forwarded these reports to prosecutors in the Bronx County District Attorney's Office.

19.     Thereafter, defendants repeatedly gave false and misleading statements regarding the facts and circumstances of plaintiff's arrest.

20.     Specifically, defendants falsely alleged that an informant asked plaintiff if he had bud

and plaintiff replied go over there when in fact plaintiff did not speak to anyone.

21.     As a result of his unlawful arrest, plaintiff RAMON TAVERAS spent approximately twenty-six (26) hours in custody and spent fifteen (15) months making court appearances before the proceedings against him were dismissed on December 11, 2012.

22.     As a result of the foregoing, plaintiff RAMON TAVERAS sustained, *inter alia*, loss of liberty, emotional distress, mental anguish, shock, fright, apprehension, embarrassment and humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

23.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "22" with the same force and effect as if fully set forth herein.

24.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

25.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

26.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

27.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

28.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

29.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30.     As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

31.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

32.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.     Defendants misrepresented and falsified evidence before the New York County District Attorney, namely that an informant asked plaintiff if he had bud and plaintiff replied go over there when in fact plaintiff did not speak to anyone.

34.     Defendants did not make a complete and full statement of facts to the District Attorney.

35.     Defendants withheld exculpatory evidence from the District Attorney.

36.     Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

37.     Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

38.     Defendants acted with malice in initiating criminal proceedings against plaintiff.

39.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

40.     Defendants lacked probable cause to continue criminal proceedings against plaintiff.

41.     Defendants acted with malice in continuing criminal proceedings against plaintiff.

42.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

43.     Notwithstanding the perjurious and fraudulent conduct of defendants, all charges against plaintiff were dismissed on or about December 11, 2012.

44.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FOURTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

45.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "44" as if the same were more fully set forth at length herein.

46.     Defendants created false evidence against plaintiff.

47.     Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's office.

48.     Defendants misled the prosecutors by creating false evidence against plaintiff and thereafter providing false testimony throughout the criminal proceedings.

49.     In creating false evidence against plaintiff, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Sixth Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

50.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

**FIFTH CLAIM FOR RELIEF**
**MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

1.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

2.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

3.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

      i.    arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

      ii.    fabricating evidence against innocent persons erroneously arrested during buy-and-bust operations;

      iii.    arresting innocent persons wrongfully apprehended during buy-and-bust operations; and

      iv.    arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

4.      The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

      i.    **Mazie Meredith v. City of New York**; United States District Court, Eastern District of New York, 09 CV 1220;

      ii.    **Uriel Bonilla v. City of New York**; United States District Court, Southern District of New York, 09 CV 3563;

      iii.    **Angel Figueroa v. City of New York**; United States District Court, Southern District of New York, 10 CV 2185;

      iv.    **Angel Valentin v. City of New York**; United States District Court, Southern District of New York, 10 CV 5195; and

      v.    **Osaigbovo v. City of New York**; United States District Court, Southern District of New York, 09 CV 4979.

5.      The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

6.      The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

7.      The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

8.      Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

9.      Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff RAMON TAVERAS'S constitutional rights.

10.      The acts complained of deprived plaintiff of his rights:

A.      Not to be deprived of liberty without due process of law;

B.      To be free from seizure and arrest not based upon probable cause;

C.      To be free from unlawful search;

D.      Not to have summary punishment imposed upon him; and

E.      To receive equal protection under the law.

11.      As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

**WHEREFORE,** plaintiff respectfully requests judgment against defendants as follows:

i.   an order awarding compensatory damages in an amount to be determined at trial;

ii.  an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

iv.  directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       January 9, 2013

BY:_____/s_____
JOSHUA FITCH
GERALD COHEN
COHEN & FITCH LLP

Attorneys for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 374-9115
jfitch@cohenfitch.com